UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD THOMAS GARDIPEE,

        Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 18-C-796

ASHWAUBENON DEPARTMENT OF
PUBLIC SAFETY, VILLAGE OF ASHWAUBENON, &
ASHWAUBENON VILLAGE MUNICIPAL COURT ,

        Respondent.

# DECISION & ORDER

On May 24, 2018, Petitioner filed a "Notice for Petition of Non-Statutory Writ of Habeas Corpus Is Secured under Article 1, Section 9." ECF No. 1. Although unclear from the filing, Petitioner appears to be challenging four municipal citations he received only five days prior, on May 19, 2018, for traffic violations. ECF 1-1. Petitioner seeks habeas relief from his citations.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases.[1] During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases provides that a district court, may, in its discretion, apply the § 2254 rules to applications for habeas corpus under sections other than § 2254.

The sole purpose of 28 U.S.C. § 2254 is to challenge continued confinement arising from state convictions. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a person must be in custody to invoke habeas corpus relief. 28 U.S.C. § 2254; *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."). "Absent a custodial sentence, or other recognized restraints, one is not in custody and cannot invoke habeas relief." *Hilgeford v. Peoples Bank, Inc.*, 652 F. Supp. 230, 232 (N.D. Ind. 1986). There is no indication that Petitioner is "in custody" because of any of these municipal violations. Because Petitioner is not in custody, he is not entitled to habeas relief.

Additionally, there is no indication that Petitioner attempted to exhaust any of his state court remedies. A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS THEREFORE ORDERED** that Petitioner's petition for writ of habeas corpus (ECF No. 1) is **DISMISSED**. The Clerk shall enter judgment accordingly.

Dated this   25th   day of May, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court